IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                                                20-CR-6113EAW

JOSEPH MCGRAIN,

                 Defendant.
_____

## GOVERNMENT'S CALCULATION OF MAXIMUM SENTENCE AND SENTENCING GUIDELINE RANGE

THE UNITED STATES OF AMERICA, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Melissa Marangola, Assistant United States Attorney, in anticipation of the defendant pleading guilty to all counts of the Indictment, and pursuant to the suggestion of the Court of Appeals in *United States v. Pimentel*, 932 F.2d 1029, 1034 (2d Cir. 1991), hereby sets forth the maximum potential sentence to which the defendant will be exposed and the present position of the government as to the calculations under the Sentencing Guidelines which will apply in this case. This analysis is set forth for informational purposes only and forms no part of any plea agreement between the government and the defendant.

## MANDATORY MINIMUM AND MAXIMUM SENTENCES
## COUNT 1

1.      Counts 1 of the Indictment charges a violation of Title 18, United States Code, Section 2422(b) (Enticement of a Minor), for which the mandatory minimum term of

1

imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life.

2.	Pursuant to Title 18, United States Code, Section 3663A, the Court must order restitution for the full amount of the victims' compensable losses as determined by the Court.

## COUNT 2

3.	Count 2 of the Indictment charges a violation of Title 18, United States Code, Section 1512(b)(1) (Attempted Obstruction of Justice), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 3 years.

## COUNT 3

4.	Count 3 of the Indictment charges a violation of Title 18, United States Code, Section 1519 (Obstruction of Justice), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 3 years.

## ELEMENTS OF THE OFFENSES

5.	If this case proceeded to trial, the government would be required to prove beyond a reasonable doubt:

**Count 1**

  a. The defendant knowingly used or attempted to use a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of 18 to engage in sexual activity;

  b. The defendant believed that such individual was less than 18 years of age; and

  c. The defendant could have been charged with a criminal offense for engaging in the sexual activity.

**Count 2**

  a. The defendant knowingly used intimidation, threatened, or corruptly persuaded a witness, or attempted to do so; and

  b. The defendant acted knowingly and with the intent to influence the testimony of the witness in an official federal proceeding

**Count 3**

  a. The defendant altered *or* falsified *or* destroyed *or* concealed any record, document, or object that can be used to record or preserve information;

  b. The defendant acted knowingly; and

  c. The defendant acted with the intent to impede, obstruct or influence an investigation within the jurisdiction of *or* in relation to a department or agency of the United States Government.

## SENTENCING GUIDELINES CALCULATIONS

6. The government presently believes that the Sentencing Guidelines will apply to this case as follows:

## BASE OFFENSE LEVEL

7. The government maintains that Guidelines § 2G1.3(a)(3) applies to Count 1 and provides for a base offense level of 28.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government maintains that the following specific offense characteristics do apply:

   a. the **two-level** increase pursuant to Guidelines § 2G1.3(b)(3)(A) (use of a computer or an interactive computer service to persuade, induce, entice, coerce or facilitate the travel of, the minor);

   b. the **two-level** increase pursuant to Guidelines § 2G1.3(b)(4)(A) (commission of a sex act).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

9. The government maintains that the following adjustment applies:

   a. the **two-level** increase pursuant to Guidelines § 3C1.1 (obstruction of justice).

## U.S.S.G. CHAPTER 4 ADJUSTMENTS

10. The government maintains that the following adjustment applies:

    a. the **five-level** increase pursuant to Guidelines § 4B1.5(b) (underlying offense is a chapter 117 crime).

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, the government maintains that the adjusted offense level for Count 1 is **39.**

## COUNTS 2 and 3
## BASE OFFENSE LEVEL

12. Pursuant to Guidelines § 3D1.2, Counts 2 and 3 are grouped together into a single group.

13. Guidelines § 2J1.2(a) applies to Count 2 and Count 3 and provides for a base offense level of **14**.

## COMBINED ADJUSTED OFFENSE LEVEL

14. Count 1 is the Group with the highest adjusted offense level (39).

15. Pursuant to Guidelines § 3D1.4(c), Counts 2 and 3 do not increase the offense level.

## ACCEPTANCE OF RESPONSIBILITY

16. Assuming the defendant pleads guilty and allocutes to the satisfaction of the Court in a timely manner, thereby demonstrating acceptance of responsibility for his offense and permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently, a two-level decrease pursuant to U.S.S.G. § 3E1.1(a) is warranted, and the additional one (1) level downward adjustment pursuant to U.S.S.G. §3E1.1(b) is warranted, resulting in a combined adjusted offense level of 36.

## CRIMINAL HISTORY CATEGORY

17. Based upon the information now available to the government, the defendant's Criminal History Category is I.

## SENTENCING RANGE

18. Based upon the calculations set forth above, with a total offense level of 36 and criminal history category of I, the defendant's sentencing range would be a term of

imprisonment of **188 to 235**, a fine of $40,000 to $250,000, and a period of supervised release of 5 years and up to life.

19.	The foregoing Sentencing Guidelines calculations are based on facts and information presently known to the government.  Nothing in this document limits the right of the government to change its position at any time as to the appropriate Guidelines calculations in this action, and to present to the Court and Probation Department, either orally or in writing, any and all facts and arguments relevant to sentencing and to the defendant's offense level, criminal history category and sentencing range, which are available to the government at the time of sentencing.  Nothing in this document limits the ability of the government to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action and to recommend a sentence above the Sentencing Guidelines range.  Further, this document does not limit the right of the government to take a position on any departure or non-Guidelines sentence which may be suggested by the Court, the Probation Department, or the defendant.

## FORFEITURE

20.	As a result of his conviction for the foregoing offense alleged in Counts One through Three of the Indictment, the maintains the defendant should criminally forfeit to the United States pursuant to Title 18, United States Code, Section 2428(a)(1) and (b)(1)(A), any and all property, real and personal, used or intended to be used to commit or to promote the commission of such offense, and all property traceable to such property, including but not limited to the following:

    a.    One (1) Samsung Galaxy S9 cellular telephone, bearing serial number R28K31F1Z0P.

21.    This document does not and cannot bind either the Court or the Probation Department either as to questions of fact or as to determination of the correct Guidelines to apply in this case. The sentence to be imposed upon the defendant will be determined solely by the Court. The government cannot and does not make any promise or representation as to what sentence the defendant will receive.

DATED: Rochester, NY; April 19, 2021

                              JAMES P. KENNEDY, JR.
                              United States Attorney

BY:    s/MELISSA MARANGOLA
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        100 State Street, Suite 500
        Rochester, New York 14614
        585/399-3925
        Melissa.Marangola@usdoj.gov