UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,   20-CR-06113-EAW

v.   DEFENDANT'S MEMORANDUM
REGARDING ACCEPTANCE OF
JOSEPH MCGRAIN,   RESPONSIBILITY

              Defendant.
_____

## Relevant Procedural and Factual History

On August 20, 2020, a federal grand jury returned a three-count indictment charging Joseph McGrain with: (1) enticement of a minor, in violation of 18 U.S.C. § 2422(b); (2) attempted obstruction of justice, in violation of 18 U.S.C. § 1512(b)(1); and, (3) obstruction of justice, in violation of 18 U.S.C. § 1519. (Docket # 17).

After plea negotiations with the government proved unfruitful (Docket # 74 at 6-7), Mr. McGrain pled guilty to all counts of the indictment without the benefit of a written plea agreement. (Docket # 74). Prior to the plea hearing, the government filed a *Pimentel*[1] letter outlining its understanding of the maximum and minimum penalties attached to each count of the indictment, as well as its computation of the applicable United States Sentencing Guidelines (Guidelines). (Docket # 71).

In pertinent part, the government's Guidelines calculations applied U.S.S.G. § 2G1.3, which anticipated an advisory imprisonment range of 188 to 235 months. (Docket # 71 at 3-6). The government's calculation applied a three-level reduction for Mr. McGrain's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. (Docket # 71 at 5).

---

[1] *United States v. Pimentel*, 932 F.2d 1029 (2d Cir. 1991).

On April 20, 2021, Mr. McGrain appeared before this Court to enter his guilty pleas. (Docket # 74). However, when it came time to allocute to the criminal conduct underlying Count One of the indictment, enticement of a minor, Mr. McGrain's colloquy differed from the facts outlined in the indictment. Although Mr. McGrain admitted he sent the Minor Victim (MV1) texts of a sexual nature, he explained that his expressions of sexual desire were future-oriented -- he and MV1 were in love, and were going to wait until she was a legal adult to consummate their relationship. (Docket # 74 at 26-32). Accordingly, Mr. McGrain denied engaging in sexual activity with MV1. (*Id*.). This Court, finding such admissions insufficient to satisfy the elements of enticement of a minor, declined to accept Mr. McGrain's guilty plea. (Docket # 74 at 32).

Approximately one week later, Mr. McGrain again appeared before this Court to enter guilty pleas. (Docket # 80). This time, when asked what he did that constituted the crime of enticement of a minor, Mr. McGrain stated that, in some of the "sexual messages going back and forth," he tried, but failed, to get MV1 to send him "pictures of herself engaging in sex acts." (Docket # 80 at 5). After research and discussion with the parties, this Court determined that Mr. McGrain's admissions sufficed to establish an attempt to entice MV1 into illegal sexual activity by soliciting her to produce child pornography of herself. (Docket # 80 at 6-10). Mr. McGrain further admitted the conduct comprising the two obstruction of justice counts in the indictment, and this Court also accepted his guilty pleas as to those counts. (Docket # 80 at 12-14).

A Presentence Investigation Report (PSR) was prepared and revised four times. (Docket ## 79, 82, 86, 93, and 118). Beginning with the first revision (Docket # 82), the PSR calculated a total offense level of 43, asserting that various enhancements applied because Mr. McGrain in

fact: (1) engaged in sexual activity with MV1; (2) engaged in sexual activity with MV1 repeatedly; (3) was MV1's custodian; and, (4) induced MV1 to produce child pornography. (Docket # 82 at 10-13). Mr. McGrain objected to each of the four enhancements. (Docket # 86 at 23-26).

To resolve the fact-based enhancements, this Court conducted an evidentiary sentencing hearing over the course of two days. (Docket # 112-119). After the hearing, the Court issued a Decision and Order denying Mr. McGrain's objections to the PSR. (Docket # 114). In its decision, the Court concluded, in relevant part, that MV1 credibly testified to Mr. McGrain engaging in repeated sexual activity with her for more than a year. (Docket # 114 at 10-13). Indeed, citing MV1's testimony and other evidence, the Court found that Mr. McGrain "perjured himself in the plea proceedings when he denied engaging in sexual intercourse with MV1." (Docket # 114 at 12).

In light of its findings and rulings, this Court noted the PSR's application of a two-level reduction for Mr. McGrain's acceptance of responsibility.  Accordingly, it advised the parties to "be prepared to address this issue, among others, at sentencing." (Docket # 114 at 19).

This memorandum is filed in support of Mr. McGrain's contention that he should receive a reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.

## Argument

A reduction for acceptance of responsibility is not a matter of right upon entry of a guilty plea; rather, the defendant must clearly demonstrate that he takes responsibility for his offense. *United States v. Defeo*, 36 F.3d 272, 277 (2d Cir. 1994) (citing § 3E1.1(a) and Application Note 3). "In determining whether the defendant has accepted responsibility for the

3

full scope of the offense, the district court has discretion to weigh a defendant's candor and remorse." *United States v. Reyes*, 9 F.3d 275, 280 (2d Cir. 1993) (citing *United States v. Cousineau*, 929 F.2d 64, 69 (2d Cir. 1991)). Indeed, "[t]he district court may deny a reduction under § 3E1.1 of the Guidelines based on a credibility determination that the defendant has not accepted responsibility for the offense of conviction." *Reyes*, 9 F.3d at 280 (citing *United States v. Moskowitz*, 883 F.2d 1142, 1154-55 (2d Cir. 1989)). And finally, conduct constituting obstruction of justice, or a false denial of relevant conduct, "ordinarily" signals that a defendant has not accepted responsibility. *United States v. Ruggerio*, 100 F.3d 284, 295 (2d Cir. 1996) (citing § 3E1.1, Application Notes 1(A) and 4)).

In light of the above, Mr. McGrain acknowledges, as he must, that it would be unusual for him to receive credit for acceptance of responsibility. For one thing, he pled guilty, in counts two and three, to obstructive conduct, and will likely receive an enhancement for it. (Docket # 82 at 12). For another, this Court concluded that Mr. McGrain falsely denied relevant conduct during the plea proceedings (Docket # 114 at 12). However, "that a reduction is not 'ordinarily' appropriate under such circumstances…does not mean that it is never appropriate." *Ruggerio*, 100 F.3d at 295.

Rather, interpreting Application Note 3 to § 3E1.1, the Second Circuit has held that "…a false denial of relevant conduct is simply one factor among many to be weighed by a district court considering whether a downward adjustment for acceptance of responsibility is warranted." *Id*. In relevant part, § 3E1.1, Application Note 3 provides:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (see Application Note 1(A)), will constitute significant evidence

4

>of acceptance of responsibility for the purposes of subsection (a).
>However, this evidence may be outweighed by conduct of the
>defendant that is inconsistent with such acceptance of responsibility.

Note 3 therefore instructs the district court to weigh "the evidence favoring the acceptance of responsibility adjustment against evidence of conduct inconsistent with acceptance." *Ruggerio*, 100 F.3d at 295 (citing *United States v. Forte*, 81 F.3d 215, 218 (D.C. Cir. 1996)).

In *Ruggerio*, the Second Circuit upheld the district court's grant of a two-level reduction for acceptance over the government's insistence that the defendant, at his sentencing hearing, testified falsely about some of his relevant conduct, and so should be denied acceptance. 100 F.3d at 294-95. The Second Circuit, however, observed that the district court's reasons for granting acceptance – including the defendant's guilty plea and remorse, his confession to relevant conduct beyond that alleged by the government, and the district court's lack of a firm conviction that the defendant perjured himself – were a sufficient foundation to support the grant of acceptance. *Id.*; *see also United States v. Cunavelis*, 969 F.2d 1419, 1423 (2d Cir. 1992) (holding that, where a district court bases an obstruction of justice enhancement under § 3C1.1 on the defendant's testimony, it "must make an independent determination at sentencing that the defendant testified untruthfully about a material fact with the intent to impede or obstruct the prosecution or investigation of an offense," and must do so by a more rigorous standard than preponderance of the evidence) (citations omitted)).[2]

---

[2] The defense appreciates that this Court has said that it would find the evidence establishes Mr. McGrain engaged in sexual activity with MV1 beyond a reasonable doubt. (Docket # 114 at 10). Nevertheless, since this Court's conclusion that Mr. McGrain perjured himself appears to be at the heart of its decision about whether to grant him any reduction for acceptance of responsibility, *Cunavelis* is cited to emphasize the caution with which the Second Circuit has treated perjury findings in the sentencing context.

Here, while this Court has found that Mr. McGrain obstructed justice within the meaning of § 3C1.1, and also that he falsely denied relevant conduct, several factors similar to those in *Ruggerio* counsel in favor of granting a reduction for acceptance of responsibility.

First, once plea negotiations concluded unsuccessfully, Mr. McGrain could have taken his chances at trial – a choice that would have visited additional pain on MV1 and others, and which would have stressed the resources of the government and this Court. But, he opted instead to enter open guilty pleas to the face of the indictment. Further, when he pled guilty, Mr. McGrain candidly acknowledged that he knew MV1 was under the age of consent when he was texting sexually with her, and therefore that his conduct was "wrong." (Docket # 80 at 5).

Second, when Mr. McGrain allocuted to attempting to solicit sexual images from MV1, he introduced a new aspect to the case. Even the government told this Court that, "I do know that the basis for this indictment was not sending pictures…I do know that the basis for the indictment did not involve pictures, Judge, it involved the intent to engage in actual physical activity." (Docket # 80 at 6). Thus, Mr. McGrain's candor provided the government with a theory of prosecution -- and by extension, of sentencing -- that it had not previously contemplated: "I've never been in this position, Judge, where the defendant has made an admission that would technically constitute a violation, but was not the evidence presented before the grand jury." (Docket # 80 at 6-7).

And third, Mr. McGrain's revelatory allocution was, to put it mildly, consequential – it led to the application of the cross-reference at U.S.S.G. § 2G1.3(c), and the computation of his advisory sentencing range under U.S.S.G. § 2G2.1. As a result, Mr. McGrain went from facing a total offense level of 36 and a Guidelines imprisonment range of 188 to 235 months (Docket #. 71 at 5-6) to a total offense level of 43 (assuming a two level reduction for acceptance) and a

6

Guidelines imprisonment range of life. (Docket # 82 at 16).[3] In other words, Mr. McGrain's openness about the facts underlying his crime exposed him to far more imprisonment than was previously anticipated by the parties.

Thus, notwithstanding that this Court intends to apply a § 3C1.1. enhancement, and its conclusion that Mr. McGrain falsely denied sexual activity with MV1, this is an "extraordinary" case that should be treated as such. § 3E1.1, Application Note 4. Paradoxically, Mr. McGrain's candid allocution put him in a worse position than anyone contemplated he would occupy. On these facts, the equities weigh in favor of this Court granting Mr. McGrain a reduction for acceptance of responsibility.

## Conclusion

For the foregoing reasons, this Court should grant Mr. McGrain a reduction for his acceptance of responsibility.

**DATED**:   February 25, 2022
            Rochester, New York,

                            Respectfully submitted,

                            **/s/ Jeffrey L. Ciccone**
                            Jeffrey L. Ciccone
                            Assistant Federal Public Defender
                            28 East Main Street
                            First Federal Plaza, Suite 400
                            Rochester, NY 14614
                            585-263-6201
                            jeffrey_ciccone@fd.org
                            Attorney for Joseph McGrain

---

[3] Or, using the Guideline computations from the first PSR, a total offense level of 41, and an advisory imprisonment range of 324 to 405 months. (Docket # 79 at 13).